MAX HEURTEMATTE AND JULES LECAUDEY, RESPOND-
ENTS, v. FRANCIS MORRIS, APPELLANT.

*Bill of exchange — when the acceptor may defend on the ground that his acceptance
was induced by the fraud of the drawer.*

In an action against the acceptor of a bill of exchange he may show that he
was induced to accept the bill by the false and fraudulent representations of
the drawer, provided no consideration was received by him at the time of the
acceptance and the holder of the bill has parted with nothing of value in reli-
ance upon such acceptance.

This defense of the acceptor is not affected by the fact that the plaintiff is a *bona
fide* holder for value as against the drawer and the indorsers.

APPEAL from a judgment in favor of the plaintiffs, entered upon
a verdict directed by the court.

*H. D. Hennen,* for the appellant.

*Coudert Bros.* and *J. N. Lewis,* for the respondents.

DAVIS, P. J.:

This action was brought upon the acceptance of a bill of exchange
made by the defendant. The plaintiffs were partners doing busi-
ness at Panama, in the United States of Columbia. One Christofel,
of San Juan del Sud, owed the plaintiffs $1,000, and they drew upon
him for that amount, making the draft to the order of Halkett &
Poillon, of Panama, and sent it to them for collection. Halkett &
Poillon sent the draft for collection to one Ran Runnels, their agent
at Rivas. Runnels collected the amount of the draft from Christofel
in the currency of Columbia; and to remit the proceeds, after
deducting the commission and exchange charged by Runnels, he,
on the 18th of February, 1878, drew the bill in suit upon the
defendant, payable to the order of Halkett & Poillon, who
received, indorsed and delivered the same to the plaintiffs as and for
the proceeds of their draft on Christofel. Afterwards, and on
the twenty-sixth of the same month, the bill was accepted by the
defendant, and subsequently at maturity was presented to him for
payment, and payment was refused. The plaintiffs having proved
these facts, rested. The defendant then offered to prove the facts

alleged in his answer, which are in substance that he made the acceptance without consideration, relying upon certain representations made to him by the drawer of the bill, Ran Runnels, which representations were false and fraudulent. The plaintiff's counsel objected to the evidence, and the court excluded the same, and directed a verdict for the amount of the bill of exchange.

The only question for determination upon this state of facts is, whether the plaintiffs are to be deemed *bona fide* holders of the acceptance for value. The bill was remitted to them by their correspondents, who had received the same from Ran Runnels, their agent, as and for the proceeds of the draft drawn by plaintiffs upon Christofel. The plaintiffs were therefore undoubtedly *bona fide* holders for value of the bill, as against the indorsers and the drawer. But at the time the bill came to their possession it had not been accepted by the defendant. Some days after receiving it, it was presented to the defendant, and by him accepted. No new consideration passed for the acceptance at the time it was made, nor does it appear that the plaintiffs at that time parted with anything of value in reliance upon the acceptance. In all practical aspects, they had virtually paid the drawer of the draft its value in money, because he had retained that sum belonging to them out of the proceeds of their draft upon Christofel. If the acceptance of the defendant had at that time been upon the bill, there would be no question of their right, as *bona fide* holders, to enforce the acceptance against him, and he could not protect himself from liability by reason of any equities existing between himself and Runnels. But that is not the case before us. The plaintiffs received the bill through their correspondents as unaccepted paper. If acceptance had been refused on presentation to the defendant, their right to pursue the drawer and indorser of the bill, or to collect the proceeds of the draft as an original indebtedness, would have been perfect. But the acceptance was a new contract between the plaintiffs and the defendant, based, of course, upon the supposition that the defendant was indebted to the drawer in the amount of the bill, or had sufficient money of the drawer in his hands to meet the same. If, in point of fact, that supposition was wholly unfounded and he was induced by misrepresentations of the drawer to make the acceptance, his liability, in the absence of all considera-

tion for accepting the bill, is no greater than that which Runnels himself could have enforced, except as between him and some *bona fide* holder for value. The plaintiffs did not occupy that position, they having parted with nothing of value for the acceptance itself. But presumably all the rights which they possessed at the time of the acceptance against the drawer and indorsers of the bill were in full vigor at the time and upon the defendant's refusal to pay the same. (*Lawrence* v. *Clark*, 36 N. Y., 131.) We think the case fell within the rule laid down in *The Farmers and Mechanics' Bank* v. *The Empire Stone Dressing Company* (5 Bosw., 290), and *Moore* v. *Ryder* (65 N. Y., 441), and, as we are unable to see how it can be distinguished from those cases, we think the judgment must be reversed and a new trial granted, with costs to abide the event.

BRADY, J., concurred.

Present — DAVIS, P. J., BRADY and INGALLS, JJ.

Judgment reversed, new trial ordered, costs to abide event.